### F. G. Ringgold & Co. v. J. C. Leith et al.

DISMISSAL OF BILL—*When Cause of Reversal.*—Where the evidence, fairly weighed in the light of the surrounding circumstances, fully sustains the material allegations of the bill, a decree dismissing it will be reversed.

**Creditor's Bill.** Appeal from the Circuit Court of Effingham County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1897. Reversed and remanded. Opinion filed March 1, 1898.

JOHN A. BINGHAM, ASHCRAFT, GORDON & COX, and RUFUS C. HARRAH, attorneys for appellants.

WOOD BROTHERS and GILMORE & GILMORE, attorneys for appellees.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE
OPINION OF THE COURT.

This was a suit in chancery in the nature of a credit-
or's bill begun and prosecuted by appellants against
appellees in the Circuit Court of Effingham County,
and resulted in a decree dismissing the bill at costs of
appellants.  Appellants except and bring the case to
this court by appeal.  The principal defendants, J. C.
Leith and G. W. Leith, were partners doing business
at Mason, Effingham County, Illinois, were indebted to
numerous creditors, were insolvent, and on the twenty-
sixth day of October, 1891, they executed to Harrison
N. Ruffner, one of the codefendants, a bill of sale
of their entire stock of merchandise for the ex-
pressed consideration of $34.46 and the assumption of
a portion of the indebtedness of said partnership, ag-
gregating $2,965.54.

As to $1,940.54 of this sum Ruffner had before that
time become surety for Leiths, and as to the remainder
of it he was under no obligations prior to the making
of the bill of sale.  On the twenty-eighth day of Octo-
ber, 1891, Hullman & Cox, creditors not provided for
in the bill of sale, attached the stock, and the next day
cooperated with Hendrickson, Lefler & Company, and
Robinson, Zimmerman & Company, also creditors not
provided for in the bill of sale, whereby the attachment
was dismissed and the entire stock obtained from Ruff-
ner by these three firms, they paying him $3,300 cash.
This transaction was entered into for the purpose of
collecting out of said stock the sums due these firms, ag-
gregating $2,500.  At the time of the execution of the
bill of sale, principal defendants also executed and de-
livered to Wood Brothers & Gilmore, two of the code-
fendants, a real estate mortgage to secure a note of
$800, upon the real estate of J. C. Leith one of the

principal defendants, and also delivered notes aggre-
gating $110, consideration being attorneys fees to the
said Wood Brothers & Gilmore, for services already ren-
dered and to pay them for all litigation that should
grow out of the original assignment to Ruffner, March
31, 1892, complainants obtained judgment against
principal defendants in the Circuit Court of Effingham
County in the sum of $739.85, on the indebtedness
contracted prior to October 1, 1891, and issued an
execution thereon April 20, 1892, which execution was
returned by the sheriff, no property found to make the
debts or costs, July 11, 1892, and in the October term
of the Effingham County Circuit Court, filed their credit-
ors bill against J. C. and G. W. Leith, as principal de-
fendants, and among others made H. N. Ruffner, Wood
Brothers, S. F. Gilmore, Hullman & Cox, Hendrick-
son, Lefler & Company and Robinson, Zimmerman &
Company, codefendants, alleging the recovery of their
judgment upon an indebtedness contracted by principal
defendants prior to October 1, 1891, the issue of the
execution thereon, and returned by the sheriff no prop-
erty found, and that the said judgment was in full
force and effect. Charges the insolvency of the prin-
cipal defendants, and that the bill of sale to Ruffner
was made in fraud of the general creditors, appellants
being one of them. That the conveyance of said stock
of goods by H. N. Ruffner to Hullman & Cox, Robin-
son, Zimmerman & Company and Hendrickson, Lefler
& Company, three codefendants, was fraudulent. That
all the conveyances were made subject to the rights
of appellants and all other antecedent creditors.

It is contended by appellees that the evidence fails to
show any such fraud in either law or fact as should
move a court of equity, and that there is such variance
between the proof and the allegations of the bill that
complainants can not, in any event, have a decree in
this case.

We are of the opinion that the evidence fairly weighed in the light of all the surrounding circumstances shown, fully sustains all the material charges of the bill. The bill of sale and conveyances were in legal effect a void assignment. The evidence also clearly shows the Hullman & Cox, Robinson, Zimmerman & Company, and Hendrickson, Lefler & Company, obtained the stock from Ruffner with full knowledge of his relation to the transaction with Leiths, and therefore their acquisition of the stock was void as to appellants.

The conveyance to Wood Brothers & Gilmore was to secure a payment for legal services principally to be thereafter rendered, and any attempt to prefer them, under the circumstances existing at the time, is void as to appellants. We are of the opinion that the fact that the real estate mortgaged was the individual property of one of the partners, in no manner affects the character of this conveyance in its relation to this case.

The decree of the Circuit Court is reversed and the cause remanded.